**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, *et al.*,<br><br>        *Debtors.* | Chapter 11<br><br>Jointly Administered<br>Case No. 02-2250<br>Judge S. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST,<br><br>        *Plaintiff,*<br><br>    v.<br><br>PAUL TUFT, MELVIN REDMAN, STEVE DIETLIN, ERICH MOUNCE, DONNA TALBOT, SUSAN ENGELHARD, REBECCA PARRETT, GEORGE KRAUS, JOHN DOE, EPSTEIN BECKER & GREEN P.C. AND KUTAK ROCK LLP.,<br><br>        *Defendants.* | Adv. Proc. No. 04-10459<br><br><br><br>Misc. Case No. 1:05MS00208 |

**PLAINTIFF'S SURREPLY TO KUTAK ROCK LLP'S MOTION TO WITHDRAW THE REFERENCE FROM THE BANKRUPTCY COURT**

**[RELIEF SOUGHT FROM THE DISTRICT COURT]**

Plaintiff, as Trustee for The DCHC Liquidating Trust (the "Trust"), pursuant to District Court Local Rule 5011-2 and 28 U.S.C. §§ 157(d), files this surreply (the "Surreply") to advise the Court of certain developments that render the Motion to Withdraw (as defined herein) moot, and to the extent the Motion to Withdraw is not summarily dismissed as moot, to address new arguments raised in Kutak's Reply (as defined herein). In further support, Plaintiff states as follows:

# BACKGROUND[1]

1.      On November 19, 2004, Plaintiff filed the original complaint.  The original complaint (the "Original Complaint") names 10 former or current directors and officers of several chapter 11 debtors, and two law firms, including Kutak Rock, LLP ("Kutak").

2.      On March 10, 2005, beyond the limitations period prescribed in Local District Court Rule 5011-1, Kutak filed Defendant Kutak Rock LLP's Motion to Withdraw the Reference to [sic] the Bankruptcy Court (the "Motion to Withdraw").  Kutak is the only defendant in this adversary preceding that has moved for withdrawal of the bankruptcy reference.

3.      On April 15, 2005, Plaintiff filed an amended complaint (the "Amended Complaint").  The Amended Complaint, although ostensibly mirroring the factual predicates of the Original Complaint, adds several counts, including counts under Bankruptcy Code section 544, 548 and 550 against Kutak.  On that same day Plaintiff filed its Objection to the Motion to Dismiss (the "Objection").

4.      On or about May 11, 2005, Defendant filed a motion to dismiss the Amended Complaint and the Reply Memorandum in Support of Defendant Kutak Rock LLP's Motion to Withdraw the Reference to [sic] the Bankruptcy Court (the "Reply").

5.      On June 1, 2005, the remaining defendants, with the exception of George Kraus, filed motions to dismiss the Amended Complaint.  None of those defendants requested withdrawal of the adversary proceeding or have otherwise sought to join in the Motion to Withdraw.

6.      The pending motions to dismiss (including the motion filed by Kutak) is scheduled for hearing in the Bankruptcy Court on July 27, 2005, at 10:30 a.m.

---

[1] Many of the relevant facts have been set forth in the Opposition to the Motion to Dismiss filed by Plaintiff. Plaintiff incorporates that pleading by reference and sets forth only those facts that are particularly relevant or that have arisen since that date.

**SURREPLY**

**A.    The Motion to Withdraw is Moot**

7.    Kutak's Motion to Withdraw is moot because it seeks to withdraw the reference of a complaint that has been superceded by an amended complaint.  Once an amended complaint is filed, critical motions pending against that complaint are deemed moot.  *See National City Mortgage Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2004) (denying motion to dismiss based on original complaint "[b]ecause the plaintiff's amended complaint supercedes the original complaint [and] the amended complaint is now the operative complaint");  *see also Turner v. Knight*, 192 F.Supp.2d 391, 397 (D.Md. 2002) (denying as moot the defendants' motions to dismiss on the basis that the amended complaint supersedes the original complaint).  Although the subject motion seeks withdrawal rather than dismissal, it is predicated on a complaint that has been superceded.  Therefore, just as Kutak's motion to dismiss the Original Complaint was rendered moot by the Amended Complaint, so too is its Motion to Withdraw.[2]  Therefore, this Court should deny Kutak's Motion to Withdraw.

**B.    Kutak's Request to Withdraw the Reference Does Not Comply with Local District Rules**

8.    Kutak has also failed to move to withdraw the reference of the Amended Complaint.  This failure is fatal.  The District Court has published rules – LBR 5011-(2) – on the manner and timing of a motion to withdraw the reference.  Unless these rules are complied with, a motion for withdraw of the reference should be summarily denied.  *Consolidated Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237 (N.D. Ind. 2000) (denying motion to withdraw the reference for failing to follow local rule).

9.    This rule provides in pertinent part:

---

[2] Kutak provides no explanation as to why it opted not to file a motion to withdraw the Amended Complaint.

3

> Except as provided below as to contested matters, a
> motion to withdraw the reference of a whole
> adversary proceeding or any part of an adversary
> proceeding shall be served and filed on or before
> the date on which an answer, reply or motion under
> Bankruptcy Rule 7012 or 7015 is first due . . .
> Notwithstanding the foregoing, a motion to
> withdraw the reference may be served and filed not
> later than 11 days after service of any timely filed
> pleading or paper in which the basis for the motion
> first arises.

D.Ct.LBR 5011-2(b).

10.    In order to seek withdrawal of the reference of the Amended Complaint,
Defendant was required to file a motion to withdraw within 29 days of the filing of the Amended
Complaint (*i.e.*, the last day before the date on which its answer, reply or motion was first due).
The Amended Complaint was filed April 15, 2005, thereby making May 15, 2005 the last date to
file a motion to withdraw. Kutak did not follow this procedure to file a motion to withdraw,[3] and
therefore its request to withdraw the reference should be denied.

**C.    Kutak's New Arguments Do Not Support Withdrawal of the Reference**

11.    If this Court determines that the Reply somehow amends the Motion to Withdraw
or is deemed to constitute a proper request in itself, justice requires that Plaintiff is permitted,
through this Surreply, to address Kutak's new arguments. These new arguments, and Plaintiff's
response is set forth as follows:

    *i.*    ***Plaintiff's Claims Based Upon Core Bankruptcy Avoidance Actions Are Not
"Time Barred."***

12.    Kutak asserts, incorrectly and without formal analysis, that the new counts for
fraudulent conveyance and recovery under Bankruptcy Code sections 544, 548 and 550 are

---

[3]    The Motion to Withdraw the Original Complaint was also untimely. The Original Complaint was filed on
November 19, 2004, thereby requiring a withdraw motion to have been filed on or about December 20, 2004. The
Motion to Withdraw, however, was not filed until March 10, 2005.

precluded because they were not brought "within two years of DCHC's bankruptcy petition." In

support, Kutak refers only to Bankruptcy Code section 546(a), which, in Kutak's own words,

"provides the statute of limitations for any causes of action arising under Sections 544 or 548 of

the Bankruptcy, under which all of a Plaintiff's new claims purport to arise."

          13.     Specifically, section 546(a) provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of
>
> (1)    the later of –
>
>        (A)    2 years after the entry of the order for relief; or
>
>        (B)    1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2)    the time the case is closed or dismissed.

11 U.S.C. § 546(a). Therefore, Bankruptcy Code section 546(a) actually contains different

limitations periods, depending on whether the action is brought by an estate representative or a

trustee, and when a trustee is appointed.

          14.     Here, the issue of which limitations period under Bankruptcy Code section 546(a)

applies (November 20, 2004, which is two years after the November 20, 2002, petition date), or

one year after the appointment of the Trustee (April 5, 2005, a year after the effective date of the

Plan), is immaterial. This is because the Original Complaint was filed prior to the earlier

deadline, and the new counts in the Amended Complaint relate back to the timely filing of the

Original Complaint.

          15.     Rule 15(c)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule

7015 of the Federal Rules of Bankruptcy Procedure, permits a plaintiff to amend its complaint to

include additional counts after the expiration of the statute of limitations. Rule 15(c)(2) states in

pertinent part:

> An amendment of a pleading relates back to the date of the
> original pleading when . . . (2) the claim or defense
> asserted in the amended pleading arose out of the conduct,
> transaction, or occurrence set forth in attempted to be set
> forth in the original pleading. . .

16.    Rule 15(c) is to be applied liberally. *See Winters v. United States Postal Service*,

721 F.Supp. 1388 (D.D.C. 1989). "Typically, amendments that build on previously alleged facts

will relate back to the original complaint." *Purcell v. MWI Corp.*, 254 F.Supp.2d 69, 75 (D.D.C.

2003) (amended complaint relates back if additional claims arose out of the conduct set forth in

the original complaint) (citing *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)).

Where the new claims in an amended complaint are logically related to the alleged violations in

the initial complaint, courts will allow the amended complaint to relate back to the former. *Tripp*

*v. Department of Defense*, 219 F.Supp.2d 85, 92 (D.D.C. 2002) (citing *Kun v. Finnegan,*

*Henderson, Farabow, Garrett & Dunner*, 949 F.Supp. 13, 16 (D.D.C. 1996)); *see also Percy v.*

*San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (new claim will be allowed if it

will be proved by same kind of evidence and involves the same "transaction, occurrence or core

of operative facts") (citations omitted).

17.    Courts also examine whether the original complaint provided the opposing party

notice of the new claims. *See Purcell*, 254 F.Supp.2d at 75 (citing 6A Wright & Miller, Fed.

Prac. & Proc. Civ. 2d § 1497); *see also Stevelman V. Alias Research, Inc.*, 174 F.3d 79, 86 (2d

Cir. 1999) ("The central inquiry is whether adequate notice of the matters raised in the amended

pleading has been given to the opposing party within the statute of limitations . . ."); *Martin v.*

*Lociccero*, 917 F.Supp. 178, 184 (W.D.N.Y. 1995) ("courts look to the 'operational facts' set

forth or attempted to be set forth in party's original pleading to determine whether opposing party was put on notice of claim later sought to be added").

18.     Here, the Bankruptcy Code fraudulent conveyance counts against Kutak in the Amended Complaint are based on the same operative facts as the original counts against Kutak in the Original Complaint — actions and omissions of Kutak from 1992 to and through the Petition Date.  Indeed, the Trust alleged in the Original – as in the Amended – Complaint that Kutak's acts and omissions occurred while it was serving as counsel to the Debtors, and resulted in significant harm to the Debtors and their creditors.  These acts and omissions are alleged to include, but are not limited to, legal malpractice.  Although the fraudulent conveyance counts constitute additional legal theories upon which relief can be based, they are based on the *same wrongs* committed by Kutak.

19.     Upon the filing of the Original Complaint, Kutak was put on notice that the Trust was seeking recovery from it for those wrongs.  Thus, the fraudulent conveyance counts in the Amended Complaint fit squarely within Rule 15(c)(2) and relate back the date the Original Complaint was filed.

### ii.     *Plaintiff's Actions Under Bankruptcy Code Section 544, 548 and 550 Are Core.*

20.     Kutak asserts that Plaintiff's counts for relief under the Bankruptcy Code are not core.  This argument is without merit.

21.     Whether a cause of action is core or non-core is a question of law.  *See Sheridan v. Michels (In re Scheridan)*, 362 F.3d 96, 105 (1st Cir. 2004).  Notwithstanding Kutak's efforts to recharacterize the Plaintiff's counts as non-core,[4] claims made pursuant to Bankruptcy Code

---

[4] Kutak also asserts that it "has initiated no proceeding before the bankruptcy court."  Reply at p. 12.  Kutak fails to inform the Court, however, that on April 7, 2003, Kutak filed claim no. 139 in the amount of $63,433.05 against DCHC for unpaid attorneys' fees, which Kutak has not withdrawn.  *See Kline v. Ed Zuebline (In re American Export*

section 544, 548 and 550 are unquestionably core. 28 U.S.C. §157(b)(2)(h) expressly list among those matter that are core "proceedings to determine, avoid or recover fraudulent conveyances. *See also Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) ("a proceeding is core under section 157 . . . if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case") (internal citations omitted); *McCord v. Papantoniou*, 316 B.R. 113, 119 (E.D. N.Y. 2004) (A "matter is a core proceeding if it invokes a substantive right provided by the Bankruptcy Code or if it could only arise in the context of a bankruptcy case") (internal citations omitted).

22.    Moreover, Kutak fundamentally misunderstands the Amended Complaint by asserting that the Trust cannot utilize Bankruptcy Code section 544(a) and 550 to recover damages from Kutak. Courts that have addressed this issue have permitted a trustee to utilize Bankruptcy Code section 544(a) to recover damages from third parties (including actions for legal malpractice and deepening insolvency) belonging to the debtor. *See Henderson v. Buchanan (In re Western World Funding, Inc.)*, 52 B.R. 743, 773 (Bankr.D.Nev. 1985) ("In his capacity as a creditor under § 544(a), [a trustee] may bring a 'creditor's bill' to reach [causes of] action belonging to his debtor" including a breach of fiduciary duty claim); *Raleigh v. Schottenstein (Wieboldt Stores, Inc.)*, 131 B.R. 655, 668 (N.D.Ill. 1991) (trustee may bring cause of action for breach of fiduciary duty under Section 544(a) to reaches debtor's causes of action); *Sender v. Porter (In re Porter McLeod, Inc.)*, 231 B.R. 786, 793 (D.Colo. 1999) (under Bankruptcy Code section 544(a), trustee has standing to bring malpractice and aiding and abetting breach of fiduciary duty causes of action). Therefore, Kutak's assertion that "[c]laims for damages, such as Plaintiff's legal malpractice and aiding and abetting deepening insolvency, are clearly not avoidance claims" (Reply at 7) is incorrect.

---

*Group Intn'l Sers., Inc.)*, 167 B.R. 311, 313 (Bankr.D.D.C. 1994) (a proof of claim effectively commences a complaint within the bankruptcy proceeding).

23.    To support its flawed argument, Kutak misconstrues *Levitt v. Riddell Sports, Inc.* *(In re MacGregor Sporting Goods, Inc.)*, 199 B.R. 502 (Bankr.D.N.J. 1995).  In *Levitt*, the plaintiff, a chapter 11 trustee, did not bring its breach of fiduciary duty claim pursuant to Bankruptcy Code section 544(a), but rather as an independent state law count without reference to Bankruptcy Code section 544(a).   Thus, its holding has no application to the Trust's Amended Complaint.   Kutak's selected language from *Levitt* merely addresses the plaintiff's failed argument that its count for breach of fiduciary duty was "intertwined and inseparable" from its count under Bankruptcy Code section 548.  *Id.* at 510.   Whereas here, the Trust specifically brought its breach of fiduciary and deepening insolvency claims, among others, pursuant to Bankruptcy Code section 544(a).

24.    Similarly, Kutak misstates *Savage & Assoc., P.C. v. BLR Servs. SAS (In re Teligent, Inc.)*, 307 B.R. 744 (Bankr.S.D.N.Y. 2004), which, contrary to Kutak's assertions, is completely inapplicable to this matter.    In *Savage*, the plaintiff, an unsecured claims representative, did not reference or incorporate Bankruptcy Code section 544(a) or any other Bankruptcy Code section.   In contrast to the Trust, in *Savage*, the count for breach of fiduciary duty was not brought pursuant to Bankruptcy Code section 544(a) and the unsecured claims representative was not assigned all of the debtor's causes of action.  *Id.* at 748-49.   In other words, *Savage* merely held that the unsecured claims representative did not have standing to bring a breach of fiduciary duty claim because it was not transferred the debtor's causes of action under the plan of reorganization.

25.    As such, the Amended Complaint does not attempt to "transform" non-core claims into core claims — rather the Amended Complaint seeks recovery under Bankruptcy Code sections 544(a), 548 and 550, which are core claims.

WASHINGTON 735805 v5 (2K)

26.    For these reasons, the Trust respectfully requests that the Court deny the Motion
to Withdraw and grant such other relief as is proper and just.

Dated:  June 13, 2005                              Respectfully submitted,


                                                   **WHITE & CASE**


                                   By: _____
                                                   Sam J. Alberts (D.C. Bar No. 443260)
                                                   Lucius B. Lau (D.C. Bar No. 446088)
                                                   Jeffrey E. Schmitt (D.C. Bar No. 490013)
                                                   701 Thirteenth Street, N.W.
                                                   Washington DC 20005
                                                   Tel:  202-626-3600
                                                   Fax: 202-639-9355

                                                   *Counsel to Sam J. Alberts,*
                                                   *Trustee for the DCHC Liquidating Trust*

WASHINGTON 735805 v5 (2K)